FILED
CLERK OF COURT

2025 SEP 24 AM 9:56

SUPERIOR COURT
OF GUAM

# IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. **CF0665-24** |
| | ) | GPD REPORT NO. 24-13635 |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| **D.J. TOSIUO**, | ) | DECISION AND ORDER |
| aka DJ Peter Robert Tosiuo, | ) | RE. DEFENDANT'S MOTION TO |
| aka David Peter Robert Tosiuo, | ) | DISMISS WITH PREJUDICE |
| aka D.J.R. Tosiuo, | ) | |
| aka D.J. BJ Saki Prick from Barrigada, | ) | |
| DOB: 01/26/1995 or 01/25/1995 | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon upon Defendant D.J. Tosiuo's ("Defendant" or "Defendant Tosiuo") Motion to Dismiss with Prejudice (the "Motion"). Representing the Defendant is Assistant Alternate Public Defender Tyler R. Scott. Representing the People of Guam ("the People") is Assistant Attorney General Valerie A. Nuesa. The Court took the Motion under advisement pursuant to CR 1.1(g)(4)(B) and CVR 7.1(e)(6)(E) of the LOCAL RULES OF THE SUPERIOR COURT OF GUAM on June 27, 2025.

After having received and reviewed the papers and the file herein, the Court issues the following Decision and Order **DENYING** Defendant's Motion.

//

//

# PROCEDURAL AND FACTUAL BACKGROUND

## A.    Relevant Procedural History.

On September 20, 2024, Defendant Tosiuo was indicted for the following offenses: the First Charge of Aggravated Assault (As a Third Degree Felony) with *Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony*; Two Counts of the Second Charge of Terrorizing (As a Third Degree Felony) with *Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony;* the Third Charge of Possession of a Firearm Without A Firearms Identification Card (As a Third Degree Felony); the Fourth Charge of Unlawful Discharge of a Firearm (As a Misdemeanor); the Fifth Charge of Assault (As a Misdemeanor); and the Sixth Charge of Disorderly Conduct (As a Violation). *Indict.* (Sep. 20, 2024). The Indictment stemmed from events that are alleged to have occurred on June 11, 2024. *See Id.*

On October 10, 2024, the Defendant asserted his speedy trial rights. *See Min. Entry, Arraign. Hearing* (Oct. 10, 2024). On October 23, 2024, the Defendant waived his right to speedy trial and thereafter filed the instant Motion to Dismiss. *See Waiver of Statutory Speedy Trial Rights and Request for Jury of Twelve in Felony Case* (Oct. 23, 2024).

Some of the crimes charged here were initially included in Defendant's earlier case, CF0428-24; however, the People filed a Motion to Dismiss these charges in CF0428-24 for several reasons, including that it had intended to consolidate the charges with those which had been brought against other individuals for events also occurring on June 11, 2024. *People's Mot. to Dismiss Without Prejudice* (CF0428-24)(Sep. 10, 2024). The original Indictment in CF0428-24 charged Defendant with: the First Charge of Aggravated Assault (As a Third Degree Felony) with Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony;

the Second Charge of Terrorizing (As a Third Degree Felony) with Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony; the Third Charge of Possession of a Firearms Without A Firearms Identification Card (As a Third Degree Felony); the Fourth Charge of Possession of an Unregistered Firearm (As a Third Degree Felony); the Fifth Charge of Unauthorized Use of a Motor Vehicle (As a Misdemeanor); the Sixth Charge of Unlawful Discharge of a Firearm (As a Misdemeanor); the Seventh Charge of Reckless Conduct (As a Misdemeanor); and the Eighth Charge of Operation of a Motor Vehicle Without a Valid Operator's License (As a Violation). Indict., CF0428-24 (Jul. 2, 2024). Charges One, Two, Six, and Seven are alleged to have occurred on June 11, 2024 – whereas the remaining charges, Charges Three, Four, and Five are alleged to have occurred on June 22, 2024. *Id.*

In CF0428-24, Defendant asserted his right to speedy trial on August 7, 2024, but on September 10, 2024, the People sought, and the court granted, dismissal of Charges One (Aggravated Assault (As a Third Degree Felony) with Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony); Two (Terrorizing (As a Third Degree Felony) with Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony); Six (Unlawful Discharge of a Firearm (As a Misdemeanor)) and Seven (Reckless Conduct (As a Misdemeanor)) – all of which are alleged to have occurred on June 11, 2024 (referred to herein as the "June 11, 2024 Charges"). CF0428-24 then proceeded to trial on the remaining charges on September 13, 2024, within the time mandated under 8 GCA § 80.60.

The Defendant's complaint is that the People's dismissal of the June 11, 2024, charges in CF0428-24 was purportedly for the purpose of consolidating those charges with charges brought against other individuals for events occurring on June 11, 2024. *Mot.* at p. 2. The Defendant alleges that this was a misrepresentation by the People for the sole purpose of gaining a tactical

advantage and circumventing the Defendant's speedy trial rights because no additional individuals have been named in the Indictment in this case. *Id.* at p. 4. The People essentially defer to the Court's discretion and provide no additional information as to whether other individuals have been indicted for the June 11, 2024, events. *People's Response* (May 27, 2025).

At the outset, the Court notes that the Indictment in the instant case charges Defendant with crimes not originally charged in CF0428-24. Specifically, the additional charges are: an additional count of Terrorizing (As a 3rd Degree Felony) involving a new victim, Joseph Hernandez; Possession of a Firearm Without Firearms Identification (As a 3rd Degree Felony)(on a different date from Charge Four: Possession of an Unregistered Firearm (as a 3rd Degree Felony) in CF0428-24 and citing to different statutes); Assault (As a Misdemeanor); and Disorderly Conduct (As a Violation). *Indictment* (Sep. 20, 2024). Additionally, Charge Seven: Reckless Conduct (As a Misdemeanor) as to victim Rudy Sablan was dismissed in CF0428-24, but not charged in the instant case. Thus, the charges against Defendant in this case are not identical to those set forth in CF0428-24.

## DISCUSSION

8 GCA § 80.70(a) sets forth the procedure upon which a prosecutor may move for case dismissal:

> The prosecuting attorney may with leave of court file a dismissal of an indictment, information or complaint and the prosecution shall thereupon terminate. Such a dismissal may not be filed during the trial without the consent of the defendant. The prosecuting attorney shall file a statement of his reasons for seeking dismissal when he applies for leave to file a dismissal and where leave is granted the court's order shall set forth the reasons for granting such leave.

The Guam Supreme Court, in examining a motion to dismiss under § 80.70(a), has stated that "the prosecutor is recognized as having a presumption of good faith in bringing the motion … and the motion should generally be granted as a matter of course." *People v. Gutierrez*, 2005

Guam 19 ¶¶ 51-52. However, this presumption is not absolute and "is rebutted upon a showing of a lack of good faith." *Id.* ¶ 53 (quoting *United States v. Salinas*, 693 F.2d 348, 352 (5th Cir. 1982). Even if the presumption were overcome by a showing of bad faith, "section 80.70(a) does not authorize trial courts to *sua sponte* dismiss indictments with prejudice." *Id.* ¶ 69. "[T]he [only] options available to a court upon a finding of bad faith by the prosecution in bringing a Title 8 GCA § 80.70(a) motion are to either grant or deny the motion [to dismiss without prejudice]." *Id.* ¶¶ 74-75.

The Guam Supreme Court requires trial courts to consider three factors when deciding whether to dismiss a case with or without prejudice: "(1) the seriousness of the offense; (2) the facts and circumstances of the case which led to the dismissal; and (3) the impact of a reprosecution on the administration of justice." *Guam v. Aromin*, 2014 Guam 3 ¶ 21.

## A. The offenses alleged in this matter are serious.

The Court first turns to the Indictment in this matter in considering the seriousness of the charges against Defendant Tosiuo as prescribed in *Aromin*. As described above, the Defendant is charged with three (3) felony offenses, two (2) misdemeanor offenses, and one (1) violation. *See Indict.* (Sep. 20, 2024). The three more serious offenses are the First Charge of Aggravated Assault (As a Third Degree Felony) with *Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony*, Two Counts of the Second Charge of Terrorizing (As a Third Degree Felony) with *Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony*, and the Third Charge of Possession of a Firearms Without A Firearms Identification Card (As a Third Degree Felony). *Id.* The felony charge of Aggravated Assault is particularly serious due to the allegation of committing serious bodily injury to one of the named victims, Rudy Sablan. *Id.* The two (2) counts of the felony charge of Terrorizing are also

particularly serious because there are two (2) alleged victims, Rudy Sablan and Joseph Hernandez. *Id.* Adding to the seriousness of these offenses are the two Special Allegations of Possession or Use of a Deadly Weapon attached to Charges One and Two, which are sentence enhancements should the Defendant be convicted of the attendant crimes. Therefore, the Court finds that the allegations against the Defendant are particularly serious in nature, and **weigh heavily against** dismissal with prejudice.[1]

**B.      Defendant has failed to demonstrate actual prejudice, and his speedy trial rights were not violated.**

The Court now turns to considering the second factor of the facts and circumstances which led to the dismissal. "The second factor includes, but is not limited to, the facts and circumstances surrounding the length of delay, government conduct, and actual prejudice suffered by the defendant." *Aromin* ¶ 21.

As stated earlier, the People are presumed to have a good-faith basis for bringing a motion to dismiss; therefore, the Defendant has the burden of rebutting this presumption by establishing the prosecutor's bad faith. *See Guerrero* ¶¶ 51-53. Defendant Tosiuo asserts that the People's basis for dismissing the June 11, 2024, charges in CF0428-24 amounted to obtaining "tactical advantage" because the prosecutor in CF0428-24 represented that the People would consolidate the June 11, 2024 charges with those of three other suspects, but that "[n]otably absent from this Indictment is any reference to these supposed suspects/co-defendants." *See Deft.'s Mot.* at 2-4. The People claim that they are unaware of any other co-actors/co-defendants being charged for the alleged events of June 11, 2024. *See Ppl's. Resp.* at 2-3. The Court takes judicial notice of the

---

[1] The trial court in *Aromin* "applied the seriousness of the offense factor in recognizing that the more serious the offense, the more weight should be given to dismissal without prejudice." *Aromin* ¶ 23 (citing *United States v. Clymer,* 25 F.3d 824, 831 (9th Cir.1994)).

People's Motion to Dismiss Without Prejudice in CF0428-24 (Sep. 10, 2024). In that Motion the prosecutor stated:

> Dismissal of these charges against Defendant is requested in the interests of justice, as the Office of the Attorney General intends to prosecute these matters in connection with other GPD investigations that have resulted in the charging of other defendants for the same or related criminal activities. The June 11, 2024 allegations in particular concern this defendant and three (3) other suspects. GPD Report Nos. that the Office intends to consider in connection with this defendant and others are 2024-10344 and 2024-13128. Separate indictments were issued for the matters charged in this case and others in large part due to the timing of the arrests of the multiple defendants. The Office intends to consolidate the cases and parties and file the Indictments within days of this requested dismissal.[2]

The Court agrees that the Indictment in the instant case does not include any persons other than the Defendant. However, the Court notes that the Indictment is not identical to the charges levied against him in CF0428-24. Additional charges have been presented to a grand jury and a true bill has been issued charging him with an additional count of Terrorizing, a charge of Possession of a Firearm without Firearms Identification and a new charge of Assault. It also eliminates a charge of Reckless Conduct (As a Misdemeanor). Also notable is that the Defendant did not object to the People's Motion to Dismiss during the hearings before the trial court in CF0428-24.[3] Additionally, there is no evidence that the prosecutor's original "intent" to bring the charges against the Defendant together with other individuals was *not* impacted by other considerations not related to evading a speedy trial in CF0428-24. Thus, just reviewing the Indictment on its face, the Defendant has not established that the People have acted in bad faith in dismissing the June 11, 2024, charges in CF0428-24 and bringing them – together with new charges – in this case.

---

[2] *Id.* GRE Rule 201.

[3] The Court takes judicial notice pursuant to GRE Rule 201 of Assistant APD Tyler Scott's appearance on behalf of the Defendant in CF0428-24, during the pre-trial conference when the People's Motion to Dismiss was addressed by the Honorable Presiding Judge Alberto C. Lamorena III. *See, Minutes of Pre-Trial Conference* (Sep. 12, 2024)(appearing on behalf of Defendant is APD Scott).

Perhaps the most persuasive argument against finding that the People acted in bad faith is noted specifically by Defendant in his moving papers: "On September 20, 2024, a mere ten (10) days after filing its motion to dismiss the June 11 charges, the OAG submitted this Indictment – CF0665-24, recharging Mr. Tosiuo for the alleged June 11 crimes." *Mot.* at pp. 2-3. Had the People intended to gain a tactical advantage by circumventing Defendant's speedy trial rights, bringing the matter before a grand jury and seeking an indictment merely ten (10) days after the People filed its Motion (but only eight (8) days after the Motion was heard by the trial court) belies the notion that the People would take advantage of a dismissal and bring an entirely new indictment so quickly after the dismissal in CF0428-24. Additionally, the Defendant mischaracterizes the indictment in this case as merely "recharging" Defendant of the June 11 crimes contained in the Indictment in CF428-24. As already noted by the Court, the Indictment in this case both includes new charges against Defendant and did not recharge the Reckless Conduct charge contained in CF428-24.

In this case, the People acted reasonably expeditiously in bringing evidence before the grand jury, resulting in the Indictment in this case. The Court finds that the Defendant has not sufficiently rebutted the presumption of good faith by its assertion that the People's dismissal of the June 11, 2024, charges was done to avoid a speedy trial. On the contrary, by virtue of the Indictment in this case, the People gained another speedy trial on the heels of the trial in CF0428-24 – that is, until Defendant waived in pursuit of this Motion. See *People v. Flores*, 2009 Guam 22.

Moreover, the Defendant has failed to demonstrate any prejudice resulting from the dismissal of the charges in CF428-24 and bringing them less than ten days after the court's order granting dismissal. This establishes that the impact of prosecution on the administration of justice

is little to none because the People have already obtained an Indictment charging Defendant with the June 11, 2024, events, in addition to new charges, and the statute of limitations does not apply to bar prosecution, nor has Defendant shown that witnesses are unavailable or that evidence is missing or deteriorated. *See Aromin* ¶ 24 (the trial court correctly found that the defendant failed to support a showing of actual prejudice, such as witness availability or that evidence is missing or deteriorated). In absence of such showing of prejudice, the Court finds that the second *Aromin* factor **weighs against** dismissal with prejudice.

**C.      Dismissal with prejudice is not an appropriate sanction in this matter.**

The Court finally turns to the third factor in *Aromin:* impact of reprosecution on the administration of justice. "Dismissal with prejudice is a stronger sanction, yet '[i]t is beyond question that 'dismissal without prejudice is not a toothless sanction.''" *People v. Corpuz*, 2019 Guam 1 ¶ 27 (citing *United States. v. Bert*, 814 F.3d 70, 82 (2d Cir. 2016); *see also Aromin* ¶ 25. "Dismissal without prejudice requires the People to obtain a new indictment and potentially face dismissal on statute of limitations grounds." *Id.*

Here, following the dismissal of the relevant charges in CF0428-24, the People indicted the Defendant in this matter ten (10) days later on September 20, 2024. The People would still be within the statute of limitations to bring this matter to trial *if* this matter were to be dismissed, albeit the time would run until June 11, 2026, pursuant to 8 GCA § 10.20(c).[5] Thus, the Court finds that these set of facts do not require the more serious sanction of dismissal with prejudice, and this factor **weighs against** dismissal with prejudice.

The Court takes judicial notice of Defendant's conviction in CF428-24 and that he continues to be held in that case pending appeal of his conviction. As such, his detention in this

case pending trial does not prejudice him in any way, but instead allows him to receive pre-trial detention credit, which inures to his benefit.

Upon review of the three *Aromin* factors in consideration of Defendant's Motion, the Court finds that the Defendant has failed to establish bad faith on the part of the prosecution in dismissing the June 11, 2024 charges in CF428-24 because the People almost immediately obtained an Indictment in this case including those and additional charges; the seriousness of the allegations and the impact on the victims in this case and the community and the lack of prejudice to the Defendant **weigh heavily** against dismissal.

## CONCLUSION

For the above reasons, the Defendant's Motion to Dismiss with Prejudice is **DENIED**. The Court shall issue trial dates under separate cover.

**SO ORDERED** this 22nd day of September, 2025.

**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
AG, APD

Date: 9/24/25 Time: 10:18am
Antonio C Cruz
Deputy Clerk, Superior Court of Guam